UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at WINCHESTER

DEXTER PARKER, # 285121, )
)
    *Plaintiff*, )
)
v. ) No.: 4:14-cv-28-HSM-SKL
)
STEVE GRAVES and PAM FREEMAN, )
)
    *Defendants*. ))

## MEMORANDUM AND ORDER

The Court is in receipt of a *pro se* prisoner's civil rights complaint under 42 U.S.C. § 1983 and an application to proceed *in forma pauperis*. Plaintiff's *in forma pauperis* application is **GRANTED**, 28 U.S.C. § 1915, and he is allowed to proceed in this case without prepayment of the filing fee (Doc. 1). Nevertheless, as a prisoner, the Prison Litigation Reform Act of 1995 (PLRA), makes plaintiff ultimately responsible for paying the filing fee, 28 U.S.C. § 1915(b)(1), and he, therefore, is **ASSESSED** the full filing fee of $350.

### I.     Fee Collection Procedures

Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of plaintiff's inmate trust account at the institution where he now resides is directed to submit to <u>the Clerk, U.S. District Court, 900 Georgia Avenue, Room 309, Chattanooga, Tennessee 37402,</u> as an initial partial payment, whichever is greater of:

    (a)    twenty percent (20%) of the average monthly deposits to plaintiff's inmate trust account; or

(b) twenty percent (20%) of the average monthly balance in plaintiff's inmate trust account for the six-month period preceding the filing of the complaint.

Thereafter, the custodian shall submit twenty percent (20%) of plaintiff's preceding monthly income (or income credited to plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk.  28 U.S.C. § 1915(b)(2).

The Clerk is **DIRECTED** to send a copy of this Memorandum and Order to the Warden of the South Central Correctional Facility, in Clifton, Tennessee, wherein plaintiff is currently confined, and to Derrick D. Schofield, the Commissioner of the Tennessee Department of Correction, to ensure that the custodian of plaintiff's inmate trust account complies with that portion of the PLRA relating to payment of the filing fee. The Clerk is further **DIRECTED** to forward a copy of this Memorandum and Order to the Court's financial deputy.

## II. Screening

Under the PLRA, district courts must screen prisoner complaints and sua sponte dismiss those that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune.  *See, e.g.*, 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A); *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999).

> Responding to a perceived deluge of frivolous lawsuits, and, in particular, frivolous prisoner suits, Congress directed the federal courts to review or "screen" certain complaints sua sponte and to dismiss those that failed to state a claim upon which relief could be granted, that sought monetary relief from a defendant immune from such relief, or that were frivolous or malicious.

2

*Id.* at 1015-16 (6th Cir. 1999) (citing 28 U.S.C. §§ 1915(e)(2) and 1915A). In performing this task, however, the Court recognizes that *pro se* pleadings filed in civil rights cases are construed indulgently and held to a less stringent standard than formal pleadings drafted by lawyers. *McNeil v. United States*, 508 U.S. 106, 113 (1993); *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996).

Even so, the complaint must be sufficient "to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), which simply means that the factual content pled by a plaintiff must permit a court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). The standard articulated by the Supreme Court in *Iqbal* and *Twombly* "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010).

Thus, to survive screening under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Iqbal*, 556 U.S. at 678, in turn quoting *Twombly*, 550 U.S. at 570). The Court examines the complaint in light of these standards.

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. *Black v. Barberton Citizens Hosp.*, 134 F.3d 1265, 1267 (6th Cir. 1998); *O'Brien v. City of Grand Rapids*, 23 F.3d 990, 995 (6th Cir. 1994); *Russo v. City of Cincinnati*, 953 F.2d 1036,

3

1042 (6th Cir. 1992); *see also Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) (stating that "Section 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere").

## III. Discussion

Plaintiff, who as noted is currently confined in a state prison, brings this action for damages for alleged violations of his rights while he was confined in the Coffee County jail at some unspecified period in the past (Doc. 2). Plaintiff has sued Steve Graves, the Coffee County Sheriff, and Pam Freemen, the Coffee County Jail Administrator.

### A. Plaintiff's Contentions

As grounds for relief, plaintiff offers five main claims, each of which contains numerous sub-claims.

#### 1. Forced Exposure to Black Mold

In the first claim, plaintiff maintains that black mold is prevalent in ventilation ducts, behind the showers, and on the walls of the Coffee County jail and that inmates are exposed to this condition. Plaintiff further maintains that, as a result of his exposure to black mold, he suffers from headaches, sinus problems and breathing difficulties, for which he signed up on sick call, to no avail. Plaintiff contends that he also has developed an upper respiratory infection. Plaintiff asserts that, with respect to this housing condition, defendants "are directly responsible for the up keep of the Coffee County Jail[,] including protecting plaintiff['s] health and well being" (Doc. 2, Compl. at 5).

#### 2. Forced Exposure to MRSA

4

In the next claim, plaintiff contends that methicillin-resistant Staphylococcus aureus (MRSA) is widespread at the Coffee County jail and that three inmates, namely Joey Perryman, Rodd Dalton, and Joe Wilson, have been hospitalized as a direct result of this infectious disease. Again, plaintiff claims that defendants "are directly responsible for the prevention of such communicable disease, but ha[ve] failed to set forth any preventative or corrective measures [to] guard[] against such disease" (*Id.* at 6).

### 3. Exposure to Bacteria in Food

The allegations in the third claim are that defendants have failed to enact guidelines requiring kitchen personnel to cover the food trays, which are delivered to plaintiff's cell three times daily. Uncovered food is delivered to other inmates as well. Also, food usually is cold by the time it is delivered to inmates, some 45 minutes to an hour after the food leaves the kitchen, because the electrical apparatus to keep it warm is not plugged in. Thus, handling the food in this manner creates an environment in which microorganisms, such as salmonella, MRSA, and other common air-borne communicable bacteria, could develop. Plaintiff maintains that it is a pattern engaged in by defendants to endanger his health and well being in violation of his "right to be reasonably protected from communicable disease by the defendants while under their control, care, and supervision" (*Id.* at 8).

### 4. Lack of Outdoor Exercise

In the fourth claim, plaintiff contends that neither he nor other inmates in the Coffee County jail have access to regular outdoor exercise. Indeed, plaintiff alleges that

5

he is confined to his cell 24 hours a day, 7 days a week. Plaintiff maintains that it is common practice for defendants to deny inmates access to regular outdoor exercise.

### 5. Lack of Access to a Law Library

In the last claim pled in the complaint, plaintiff asserts that defendants installed a quasi-type satellite law library for inmates in the Coffee County jail, but stocked it with outdated law books and failed to include books containing federal court decisions or other types of books to use for legal research. According to plaintiff, the provision of an inadequate law library denies him access to research issues in his pending criminal case. Defendants are faulted for failing to provide a properly functioning law library, though funds were appropriated for this purpose (*Id.* at 10).

### B. Law and Analysis

The allegations against defendants in the complaint demonstrate that plaintiff is seeking to impose supervisory liability on defendants, but § 1983 liability cannot be predicated on that theory. *Iqbal,* 556 U.S. at 676 ("[O]ur precedents establish . . . that Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior."); *Taylor v. Michigan Dep't of Corr.*, 69 F.3d 76, 80 81 (6th Cir. 1995). Since vicarious liability does not apply, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676; *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (observing that personal liability is established by showing that an individual official "act[ed to] cause[] the deprivation of a constitutional right").

Also, the law is settled that a supervisor cannot be held liable for a mere failure to act. *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). Absent some showing that

6

defendants authorized, approved, or knowingly acquiesced in any alleged unconstitutional conduct of their employees, plaintiff has failed to state a § 1983 claim against them. *Walton v. City of Southfield*, 995 F.2d 1331, 1340 (6th Cir. 1993); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). Here, plaintiff has not shown that defendants committed any actual acts or otherwise approved or acquiesced in subjecting him to unconstitutional conditions or treatment at the Coffee County jail.

But, even if plaintiff had pled a workable theory of liability for defendants, his allegations are flawed. The first flaw is that plaintiff has not alleged the dates that he was subjected to these conditions or treatment. This omission not only renders his claims conclusory, but subjects these claims to a possible time-bar defense. Conclusory allegations do not state a claim for relief under § 1983. *See Harden-Bey v. Rutter*, 524 F.3d 789, 796 (6th Cir. 2008) ("[I]n the context of a civil rights claim, . . . conclusory allegations of unconstitutional conduct without specific factual allegations fail to state a claim."); *Cline v. Rogers*, 87 F.3d 176, 184 (6th Cir. 1996) (instructing courts not to suppose a plaintiff would be able to show facts not alleged or that a defendant has violated the law in ways not alleged). Civil rights claims arising in Tennessee are subject to a one-year statute of limitation, *see Berndt v. Tennessee*, 796 F.2d 879, 883 (6th Cir. 1986); and claims which are time-barred likewise fail to state a claim for relief. *See Jones v. Bock*, 549 U.S. 199, 215 (2007) (noting that "[i]f the allegations, for example, show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim . . . ").

The second problem is that plaintiff has not tied defendants to any of the claimed unlawful conditions, bearing in mind that his contention that they are "directly

7

responsible" for the conditions constitutes an attempt to impose liability based on a theory of respondeat superior.

Another difficulty with the complaint is that plaintiff's speculation that exposure to certain of the claimed conditions might cause him injury does not present a case or controversy over which the Court has jurisdiction. *Whitmore v. Arkansas*, 495 U.S. 149,158 (1990) ("Allegations of possible future injury do not satisfy the requirements of Art. III [standing]."). An additional deficiency is that, insofar as plaintiff bases his claims upon the impingement of the rights of other inmates, he lacks standing to present those claims. An inmate must assert his own rights, not those of other inmates. *Id.* at 161 ("We hold that Whitmore does not have standing . . . to press an Eighth Amendment objection to [another inmate's] conviction and sentence".).

Furthermore, plaintiff's claim that defendants have furnished an inadequate law library fails to state a claim for denial of access to the courts in the first place because there is no freestanding right to a law library, *Lewis v. Casey*, 518 U.S. 343, 351 (1996), and because he does not allege any specific prejudice. True, plaintiff asserts that he could not research his pending criminal case but, to state a claim for lack of access to the courts, a plaintiff "must plead and prove prejudice stemming from the asserted violation. Plaintiff[] must demonstrate, for example, that the [alleged infringement of his right] caused such actual injury as the late filing of a court document or the dismissal of an otherwise meritorious claim." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Lewis*). This plaintiff has failed to do.

Furthermore, "a prisoner's constitutionally-guaranteed right of access to the courts has been protected when a state provides that prisoner with either the legal tools

8

necessary to defend himself, e.g., a state-provided law library, or the assistance of legally-trained personnel." *Holt v. Pitts*, 702 F.2d 639, 640 (6th Cir. 1983). If the state furnished plaintiff with an attorney to defend him in his criminal case, which it almost certainly did, *see* Tenn. R.Crim. P. 44(a), then it fulfilled its constitutional obligation and plaintiff has nothing about which to make a First Amendment complaint.

### IV.     Conclusion

Based on the above discussion, plaintiff's contentions fail to state § 1983 claims against defendants. Therefore, this case will be dismissed *sua sponte* in its entirely, under 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A.

A separate order shall enter.


**ENTER:**

*/s/ Harry S. Mattice, Jr.*
HARRY S. MATTICE, JR.
UNITED STATES DISTRICT JUDGE